# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **VERA DAVIS-CLEWIS,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CASE NO. 3:26-CV-2140-S-BK** |
| | § | |
| **HEALTH CARE SERVICE** | § | |
| **CORPORATION, ET AL.,** | § | |
| **DEFENDANTS.** | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. Before the Court for determination is Defendant Conduent State & Local Solutions, Inc.'s *Motion to Transfer*, Doc. 2.[1]

For the reasons explained below, the Motion to Transfer is **GRANTED**, and this case is **TRANSFERRED** to the United States District Court for the District of New Jersey, Newark Division.[2]

---

[1] A magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Accord Franco v. Mabe Trucking Co.*, 3 F.4th 788, 792-801 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631, but labeled by judge as 28 U.S.C. § 1406(a), to another district for want of personal jurisdiction).

[2] It is appropriate to address the instant motion to transfer before the pending motion to remand, Doc. 11, since the "first-filed court should decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated," and by properly limiting the analysis to the transfer issue, a district court "avoid[s] trenching on the authority of its sister court, one of the very abuses the first-to-file rule is designed to prevent." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605-06 (5th Cir. 1999); *see also Space Exploration Technologies Corp. v. Nat'l Lab. Rels. Bd.*, 129 F.4th 906, 911 (5th Cir. 2025) ("'disposition of [a transfer motion] should [take] a top priority' in the handling of a case.") (citing *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003)).

## I. BACKGROUND

Plaintiff Vera Davis-Clewis ("Plaintiff") brought this *pro se* civil action against Defendants Health Care Service Corporation d/b/a Blue Cross Blue Shield of Texas ("HCSC") and Conduent State & Local Solutions Inc. ("Conduent"). According to the complaint, Plaintiff is a Texas resident whose personal information was exposed when Conduent suffered a data breach. Doc. 1-3 at 3. Conduent removed this action from Dallas County Court on the basis of diversity jurisdiction. Doc. 1.

On October 27, 2025, a putative class action against Conduent was filed in the United States District Court for the District of New Jersey.[3] The complaint alleges that Conduent was the victim of a cybersecurity incident that resulted in a data breach compromising the information of Conduent's customers, including their names, Social Security numbers, dates of birth, and medical and health insurance information. The complaint asserts claims of negligence, negligence per se, breach of third-party beneficiary contract, and unjust enrichment on behalf of a nationwide class of individuals whose information was exposed in the data breach. Doc. 2-3 at ¶¶ 5–7, 152, 164-218 (Conduent's Ex. 1) ["First-Filed Action Compl."].

Between October 27 and November 24, 2025, thirty-two putative class actions were filed against Conduent or its parent company; ultimately, all cases were consolidated into one action, *In re: Conduent Business Services Data Breach Litigation*, No. 2:25-cv-16953-MEF-MAH

---

[3] *Adams-Griffin v. Conduent Business Services, LLC*, No. 2:25-cv-16953-MEF-MAH (the "First-Filed Action")

(the "New Jersey Class Action"), in the District of New Jersey. Doc. 2-7 at 2-14 (Conduent's Ex. 5) ["Consolidation Order"].

By the instant motion, Conduent seeks to transfer this case to the U.S. District Court for the District of New Jersey under the first-to-file rule. Doc. 2. Plaintiff has filed a response, Doc. 13, and Conduent has filed a reply, Doc. 19.

## II. Applicable Law

The first-to-file rule is "a discretionary doctrine" based on "principles of comity and sound judicial administration." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citing *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)). Under the rule, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Id.* The rule's purpose is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

According to this well-settled rule, typically, if the case pending before the Court and an earlier-filed case pending in another federal court "overlap on the substantive issues, the cases [should] be . . . consolidated in . . . the jurisdiction first seized of the issues." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (cleaned up). That is because "[t]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed"; thus, "the 'first to file rule' not only determines which court may decide

the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Id.* at 920 (cleaned up). "Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed." *Cadle*, 174 F.3d at 605 (cleaned up).

"The rule does not, however, require that cases be identical"; rather, regardless of whether the issues or parties in the cases are identical, "[t]he crucial inquiry is one of 'substantial overlap,'" and, if the cases "overlap on the substantive issues, the cases [are] required to be consolidated in . . . the jurisdiction first seized of the issues." *Save Power*, 121 F.3d at 950 (cleaned up); *see also id.* at 951 ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action.").

To determine if there is "substantial overlap" between two cases, courts consider whether "the core issue . . . was the same" and if "much of the proof adduced . . . would be identical" between the two lawsuits. *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (citing *West Gulf*, 751 F.2d at 730 and *Mann Mfg., Inc. v. Hortex Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)). When there is "less than complete" overlap, "'judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute.'" *Id.* at 951 (quoting *TPM Holdings, Inc. v. Intra–Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)).

If the court finds that the issues in the two cases might substantially overlap, "the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which

case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle*, 174 F.3d at 606.

## III. Analysis

Here, the Court concludes that the two actions substantially overlap because both arise from the same alleged cybersecurity incident, involve many of the same defendants, and require resolution of many of the same factual and legal questions. Resolution of Plaintiff's claims would require examination of the same evidence and questions already before the District of New Jersey.

Plaintiff argues the first-to-file rule is inapplicable because HCSC is not a party to the New Jersey Class Action, Doc. 13 at 3. The record does not support Plaintiff's contention, however. Defendants Conduent and HCSC are both named defendants in the Consolidated Action. *See* Doc. 2-12 at ¶¶ 56, 62 (Conduent's Ex. 10) ["Consolidated Action Am. Compl."]. Moreover, in the Consolidated Action, the proposed nationwide class is defined as "All individuals residing in the United States whose Private Information was compromised in the Data Breach, including all those individuals who receive notice of the Data Breach," and the proposed state subclasses are defined as "All individuals residing in the State identified in the applicable Count whose Private Information was compromised in the Data Breach, including all those individuals who receive notice of the Data Breach." Doc. 2-12 at ¶¶ 968-969. In her complaint, Plaintiff alleges that she "received a written Notice of Data Breach." Doc. 1-3 at 3. The admission that Plaintiff received notice of the data breach indicates Plaintiff is a member of the proposed nationwide class and Texas subclass in the Consolidated Action. As such, the actions involve substantially similar parties.

The overlap also extends beyond the parties to the factual and legal issues presented. Resolution of Plaintiff's negligence, implied contract, and privacy claims necessarily requires determining whether Conduent implemented reasonable data security measures, whether those measures were deficient, whether the alleged breach caused Plaintiff's injuries, and what damages resulted. *See* Doc. 1-3 at 5-6. Those same factual and legal questions are already before the District of New Jersey in the consolidated litigation. In sum, the core issue in this case is predicated on the same alleged data breach that gave rise to the New Jersey Class Action.

The parties and causes of action in the two cases, while closely linked, are not identical. But cases need not be identical for the first-to-file rule to apply. *Sweet Little Mexico Corp.*, 665 F.3d at 678. Instead, the question is whether there is "substantial overlap," which is found if "the core issue . . . is the same" in the two actions and "much of the proof adduced will likely be identical[.]" *Id.* Because the Court's review of Plaintiff's complaint and the accompanying record shows the core issues are the same and much of the proof adduced will be identical, the actions "substantially overlap" and are subject to the first-to-file rule. *Id.* Thus, there is substantial overlap between the parties and substantive issues in the New Jersey Class Action and the instant case. And because no compelling circumstances counsel otherwise, the first-to-file rule applies, and this case should be transferred.[4]

---

[4] Plaintiff argues that transfer is improper under 28 U.S.C. § 1404(a). Doc. 13 at 5. "As other district courts have pointed out, a motion to transfer pursuant to the first-to-file rule does not depend on the presence or absence of the § 1404(a) considerations." *De Los Santos v. Shoffner*, No. 3:26-cv-122, 2026 WL 1454167, at *5 (N.D. Tex. May 22, 2026) (Toliver, J.) (quoting *White v. Peco Foods, Inc.*, 546 F. Supp. 2d 339, 343 (S.D. Miss. 2008) (citing *Fuller v. Abercrombie & Fitch Stores, Inc.,* 370 F. Supp. 2d 686, 690-91 (E.D. Tenn. 2005))).

## IV. CONCLUSION

For the foregoing reasons, Defendant Conduent State & Local Solutions, Inc.'s *Motion to Transfer*, Doc. 2, is **GRANTED**. It is **ORDERED** that this case be **TRANSFERRED** to the United States District Court for the District of New Jersey, Newark Division. However, the transfer is **STAYED** until August 31, 2026, to permit any party to file an objection to the presiding district judge of this Court within 14 days after service of this order. *See* FED. R. CIV. P. 72(a); N.D. Tex Local Civ. R. 62.2 ("Unless all affected parties consent to the transfer, an order that transfers a case to a district court outside the Fifth Circuit is stayed for 21 days from the date the order is entered on the docket.").

**SO ORDERED** on August 7, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE